THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON MONROE FISHER,<br><br>Defendant. | CASE NO. CR11-0415-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Brandon Monroe Fisher's Motion to Reduce Sentence (Dkt. No. 777). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the Motion (Dkt. No. 777) for the reasons explained herein.

I.   BACKGROUND

Defendant Brandon Monroe Fisher was sentenced by this Court on March 15, 2013 following his plea of guilty to conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C), and 846, and to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Judgment, Dkt. No. 668 at 1.) At the time Mr. Fisher was sentenced, his Total Offense Level for the drug offense was 21, his Criminal History Category was VI, and the applicable Sentencing Guideline Range for the drug offense was 77-96 months, plus 60 months consecutive for the gun offense. (Government's Response,

Dkt. No. 783 at 4.)

This Court varied downward from that range and instead imposed a sentence of 24 months on the drug count, plus 60 months consecutive on the gun count, for a total sentence of 84 months imprisonment. (Judgment, Dkt. No. 668 at 2.)

## II.  DISCUSSION

### A.  Legal Standard

Amendment 782 to the United States Sentencing Guidelines, which became effective November 1, 2014, lowered the penalties for most drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity table by two levels, and making other related adjustments to this Guideline. Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. At issue in the instant motion is whether this Court has authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court does not have jurisdiction to reduce the defendant's sentence unless both criteria are met. See *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

### B.  Defendant's Motion

The Sentencing Commission has adopted policy statements regarding the Guidelines reduction, found at USSG § 1B1.10. This section provides that except for defendants who have received a sentence reduction based on substantial assistance to the United States, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." USSG

§ 1B1.10(b)(2). Therefore, when a defendant's original sentence is less than the low end of the amended Guidelines range, then the defendant is ineligible for a reduction of that sentence.

Under the amendments to USSG §2D1.1, Mr. Fisher's Total Offense Level with regard to his drug distribution conviction would now be reduced to 19. This would indicate an amended Guideline range for that drug offense of 63-78 months.[1] Because the sentence the Court has already imposed with regard to Mr. Fisher's drug offense (24 months) is below the low end of the amended Guideline range (63 months), the policy statement prevents further reduction of Mr. Fisher's sentence. Nothing suggests that the "substantial assistance' exception to USSG § 1B1.10 applies in Mr. Fisher's case. Thus, this Court does not have jurisdiction to change his sentence.

## III.   CONCLUSION

For the foregoing reasons, Defendant Brandon Monroe Fisher's Motion for Reduction of Sentence (Dkt. No. 777) is DENIED.

DATED this 21st day of July 2015.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The mandatory minimum term of 60-months consecutive for possession of a firearm is not affected by the amendment.