THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR11-0415-JCC |
| Plaintiff, | ORDER |
| v. | |
| BRANDON MONROE FISHER, | |
| Defendant. | |

This matter comes before the Court on Defendant Brandon Monroe Fisher's motion for early termination of supervised release (Dkt. No. 1030). Having considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

**I.    BACKGROUND**

In 2012, Fisher pleaded guilty to conspiracy to distribute controlled substances and possession of a firearm in furtherance of a drug trafficking offense. (Dkt. No. 455 at 1–2.) On March 15, 2013, the Court sentenced Fisher to 84 months in prison followed by five years of supervised release. (Dkt. No. 666.)

Fisher now moves for early termination of his supervised release, which is set to expire in March 2023. (Dkt. No. 1030 at 1.) Fisher argues that early termination is warranted because his conduct while incarcerated and upon his release has been exceptional, he is employed, and he has successfully reintegrated himself with his family. (Dkt. No. 1030 at 2.) The Government and

the Probation Office oppose Fisher's motion. (Dkt. No. 1031 at 8.)

## II.     DISCUSSION

A court may terminate a defendant's term of supervised release after the defendant completes one year of their supervised release and "if [the Court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate, the court must consider several factors listed in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, the need to provide the defendant with correctional treatment in the most effective manner, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e); *United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014). Furthermore, the court must keep in mind that early termination is not warranted simply because the defendant has done well during supervised release; compliance with the terms of release is expected, and compliance alone is insufficient to justify early termination. *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997). Instead, early termination is reserved for cases of "exceptionally good behavior." *Id.*

Having considered the § 3553(a) factors as applied to Fisher's case, the Court concludes that early termination of supervised release is not warranted at this time. The Court emphasizes several factors. First, Fisher's criminal conduct was serious: Fisher was part of a large heroin and methamphetamine distribution organization, and he used a firearm in furtherance of his drug crime. (Dkt. No. 1031 at 3.) Second, and contrary to Fisher's claim that there is "no evidence of criminal recidivism," (Dkt. No. 1030 at 3), Fisher has an extensive criminal history that includes delivering a controlled substance; possessing a controlled substance with the intent to deliver; assaulting a law enforcement officer; jumping bail; violating a no contact order; violating a protective order; domestic violence; and other crimes. (Dkt. No. 1031 at 3.) Finally, Fisher's history shows that supervision may be especially helpful for him. In 2010, Fisher was able to

stay sober for several months, which Fisher attributed to being on probation. (Dkt. No. 1031 at 4.) But not long after his probation ended, Fisher relapsed and committed the serious crimes that led the Court to impose five years of supervised release. (*Id.*) Fisher has previously acknowledged that a longer period of probation might have helped him avoid relapsing and reoffending. (*See id.*; Dkt. No. 663 at 2.) To avoid another potential relapse, it is appropriate for Fisher to stay on supervised release.

**III.     CONCLUSION**

For the foregoing reasons, the Court DENIES Fisher's motion for early termination of supervised release (Dkt. No. 1030).

DATED this 24th day of August 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE